# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE PETITION OF          :       No. 4:17-MC-00522
KATHY HICKEY              :

                           :       (Judge Brann)

                           :

                           :

## MEMORANDUM OPINION

### SEPTEMBER 25, 2017

Kathy Hickey filed a Petition to Perpetuate Testimony pursuant to Federal Rule of Civil Procedure 27. For the reasons that follow, her petition is denied.

## I. BACKGROUND

On September 14, 2017, Ms. Hickey filed a Petition to Perpetuate Testimony on Oral Examination in this Court. Her petition, filed pursuant to Rule 27, avers that her son, Michael Serrano, was an inmate at the Pennsylvania State Correctional Institution in Coal Township ("SCI-Coal Township") until his death there on May 29, 2016.[1]

The petition avers that Mr. Serrano "suffered from a life[-]threatening seizure disorder which required management by prescription medication" and that his death, which occurred "for reasons and under circumstance[s] which continue to remain unknown" to Ms. Hickey, was "a result of a complication arising from"

---

[1]    ECF No. 1 ¶¶ 5, 8, 10.

this disorder.[2]  Specifically, the petition states Ms. Hickey's belief that individuals at SCI-Coal Township "failed or otherwise refused to medicate [Mr. Serrano] sufficiently to manage his seizure disorder," and that his death was therefore "untimely, unnecessary," and avoidable.[3]

The petition indicates Ms. Hickey's intention to commence an action in federal court in order to recover for the injury and loss sustained by Mr. Serrano.[4] It also indicates, however, that "[a]fter reasonable investigation, [Ms. Hickey] is without information sufficient" to draft her complaint.[5]  The petition seeks to depose three individuals:  Thomas McGinley (the Superintendent of SCI-Coal Township), Karen Merit (the Medical Director of SCI-Coal Township), and James Kelley (the Northumberland County Coroner).[6]  It avers that the testimony of these individuals will shed light on the circumstances surrounding Mr. Serrano's death, the medical policies and procedures used at SCI-Coal Township, and the identity of individuals who may have further information on – or be responsible for – Mr. Serrano's unfortunate death.[7]

---

[2]  *Id.* ¶¶ 9-10, 12.

[3]  *Id.* ¶¶ 13-14.

[4]  *Id.* ¶¶ 16-20.

[5]  *Id.* ¶¶ 21.

[6]  *Id.* ¶ 22.

[7]  *Id.* ¶¶ 23-25.

The petition avers that without this testimony, Ms. Hickey will be unable to determine whether the circumstances surrounding Mr. Serrano's death give rise to legal liability, and – if they do – unable to draft a complaint that satisfies the Rule 8 pleading standard.

## II.  DISCUSSION

Rule 27 provides a procedure by which an individual, expecting to bring a suit in a federal court, may seek to depose identified persons in advance of the filing of that suit.[8]  As the United States Court of Appeals for the Third Circuit has stated, however, the rule "applies only in that special category of cases where it is necessary to prevent testimony from being lost"[9] – for example, where the proposed deponent's physical or mental condition is poor or subject to immediate deterioration.[10]  That court has "decisively rejected the attempt to use [this Rule] as

---

[8]  *See generally* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2071 (3d ed. 2017).

[9]  *Ash v. Cort*, 512 F.2d 909, 911 (3rd Cir. 1975); *see also* Wright & Miller, *supra*, § 2071 (Rule 27 applies "where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced.")

[10]  *See, e.g.*, *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3rd Cir. 1967) (holding that the district court abused its discretion in denying a Rule 27 petition where the proposed deponent was 71 years old, the filing of the anticipated lawsuit had to await the resolution of pending criminal action, and the subject of the proposed examination was a series of events that was already 11 years in the past); *In re Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68, 70 (M.D. Pa. 1991) (McClure, J.) (granting a Rule 27 petition where the proposed deponent's "condition [was] serious, and [the doctor could not] predict how much longer he [could] be expected to live [or] how much longer he [would] remain competent to understand questions and answer them intelligently").

a mechanism to draft a complaint or conduct pre-trial discovery,"[11] and this principle has endured even after the heightened pleading standard imposed by *Twombly* and *Iqbal*.[12]

Ms. Hickey seeks these depositions for the exact reasons that the Third Circuit and other courts have rejected under Rule 27. Her petition admits that she wants to depose Mr. McGinley, Ms. Merit, and Mr. Kelly in order to discover whether she has a viable claim and who may be liable for her son's death, and admits that she wants this information in order to draft her expected complaint. Unfortunately, the Rules do not allow this sort of "fishing expedition,"[13] and her motion must, therefore, be denied.[14]

---

[11] *In re Chester County Elec., Inc.*, 208 F.R.D. 545, 547 (E.D. Pa. 2002) (citing *Ash v. Cort*, 512 F.2d 909 (3rd Cir. 1975)). *See also In re Whitehead*, 2011 WL 294839 at *2 (W.D. Pa. 2011) (denying Rule 27 petition where the petitioner claimed to need the testimony "to prepare a civil rights complaint").

[12] James William Moore, Moore's Federal Practice, § 27.03 ("The heightened pleading standard imposed by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* has not altered the prohibition against using Rule 27 as a device for gathering facts needed to draft a proper complaint.") (citing *In re McBean*, 2012 WL 769521 (D. Colo. 2012)); *see also Shuker v. Smith & Nephew PLC*, 2015 WL 4770987 (E.D. Pa. 2015) (holding, 6 years after *Twombly* and *Iqbal* were decided, that Rule 27 "do[es] not authorize [] pre-complaint discovery [to investigate a claim], except as needed to perpetuate testimony that might otherwise be lost").

[13] *In re McBean*, 2012 WL 769521 at *2 (D. Colo. 2012).

[14] This Court need not – and does not – decide at this juncture whether the facts recited in Ms. Hickey's petition would meet the pleading standard of Rule 8 as interpreted by *Twombly* and *Iqbal*. Ms. Hickey is reminded, however, that those cases do *not* require a plaintiff to "set out in detail the facts upon which [s]he bases h[er] claim," *Covington v. International Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3rd Cir. 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2009)), and that "detailed pleading is not generally required" in order to survive at Rule 12(b)(6) motion to dismiss for failure to state a claim, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016). Additionally, Ms. Hickey

## III. CONCLUSION

For the reasons discussed above, Ms. Hickey's Petition to Perpetuate Testimony on Oral Examination is denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

is also reminded that so-called "John Doe" defendants are "routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3rd Cir. 1998) (internal quotation marks and citation omitted).